THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ANGEL MUÑIZ VEGA, Defendant and Appellant.

No. 12286. Argued July 1, 1947.—Decided July 22, 1947.

*Jorge Díaz Cruz* for appellant. *Luis Negrón Fernández, Attorney General,* and *Joaquín Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE TODD, JR. delivered the opinion of the Court.

On October 31, 1941, informations were filed in the District Court of Aguadilla against Angel Muñiz Vega for the offenses of murder and of carrying weapons. On Novem-

---

ber 24, 1941, defendant was arraigned and pleaded not guilty. He moved that the case of carrying weapons be tried jointly with the murder case.

The murder case was dismissed on the ground that more than 120 days had elapsed after its filing.[1] The case of carrying weapons was set for trial on August 21, 1945—almost four years after the information was filed. On August 11, 1945, the defendant filed a motion to dismiss based on subdivision 2 of § 448 of the Code of Criminal Procedure. On the day set for trial, August 21, 1945, defendant's counsel, Attorney Jorge Díaz Cruz, sent the following telegram to the court:

"If dismissal sought is denied please continue case carrying weapons Angel Muñiz Vega giving him opportunity to pay another attorney because former counsel Yamil Galib is in military service."

The court denied the motion to dismiss and also the motion for continuance contained in the telegram. It held trial in the absence of defendant and of his counsel and rendered judgment of conviction sentencing him to six months in jail. On August 27, 1945, on motion of the defendant, the court set aside said judgment. On July 23, 1946, defendant was tried for the crime of murder. The case of carrying weapons was submitted on the same evidence and the court found the defendant guilty and sentenced him to four months in jail. He appealed and urges that the lower court erred in denying his motion to dismiss of August 11, 1945.

Appellant would be correct if he had appealed from the judgment rendered on August 21, 1945, and if he had shown on appeal that such an unusual delay was not justified in the prosecution of these cases. Nevertheless, in his telegram of August 21, 1945, he moved for a continuance of the case and, although it was not granted, upon being sentenced he did not appeal, but instead moved to set aside the judg-

---

[1] This case was brought on appeal on the statement of facts from which it does not appear on which date the felony case was dismissed.

636

ment and without raising again the question of dismissal went to trial on July 23, 1946.

The case of *People* v. *De Jesús*, 66 P.R.R. 132, invoked by appellant, would be applicable if he had appealed from the judgment rendered on August 21, 1945, but since he failed to do so, the case is similar to *People* v. *José M. García Calderón*, *per curiam* decision of April 24, 1947, wherein we said:

"Considering now the first question raised, we agree with the *Fiscal* of this Court that the lower court erred in denying the motion for dismissal in this case at the time that it granted the dismissal of the felony cases. *People* v. *De Jesús*, 66 P.R.R. 132. But the defendant again waived his right to a speedy trial and went to trial on May 27, 1946. He now urges that the judgment should be reversed because he was not granted the speedy trial to which he was entitled. Under the circumstances of the present case, it is unquestionable that on January 21, 1946, the defendant waived his right to a speedy trial and consequently the first assignment of error was not committed."

The judgment below is affirmed.